# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF PUERTO RICO

IN RE:

NEW ENERGY CONSULTANTS & CONTRACTORS, LLC

Debtor

CASE NO. 19-05891 ESL

CHAPTER 11

## MOTION IN COMPLIANCE WITH 11 USC § 327 (c), RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND PR LBR 2014-1

TO THE HONORABLE COURT:

NOW COMES New Energy Consultants & Contractors, LLC ("NECC") represented by the undersigned attorney and respectfully sets forth and prays:

### I.

### Procedural Posture

On October 10, 2019 Debtor filed a voluntary chapter 11 bankruptcy petition under the provisions of 11 U.S.C. Chapter 11, 11 USC §§ 1101, *et seq.* (docket #1).

On October 11, 2019 NECC filed an application to appoint the undersigned attorney as counsel for the Debtor (docket # 7) that was approved by the Court by order entered on October 31, 2019 (docket # 25). That attached to the application for employment of counsel for the Debtor was included the Certificate of Proposed Attorney for Debtor including the information required by Rule 2014 of the Federal Rules of bankruptcy Procedure and PR LBR 2014-1. In paragraph 10 of the Certificate of Proposed Attorney for Debtor we reserved the right to amend this statement upon the learning that: (a) any of the representations made therein were incorrect, or (b) there was any change in circumstances relating thereto.

Unfortunately, there is a need to amend the Certificate of Attorney for Debtor.

## II.

### The Facts

1. That in paragraph 5 of the Certificate of Proposed Attorney we represented:

    "That a conflict check was realized and to the best of my knowledge, the members of our law firm are disinterested persons as defined in 11 U.S.C. §101(14):

    (A) They are not Debtor's creditors or insiders;

    (B) They were not, are not, within 2 years before the date of the filing of the above captioned bankruptcy petition, Debtor's directors, officers or employees; and

    (C) They do not have an interest materially adverse to the interest of the estate or any class of creditors by reason of any direct or indirect relationship to, connection with, or interest in Debtor or for any other reason."

2. That in paragraph 5 of the Certificate of Proposed Attorney is hereby amended to disclose the facts hereinafter depicted.

3. That after the filing of the application for employment of attorney for the Debtor, we became aware that Popular Auto, LLC, formerly Popular Leasing and Rental, Inc. ("Popular Auto") was a potential creditor of the estate by virtue of a deficiency claim of a motor vehicle repossessed on August 30, 2019 according to the lease agreement executed by and between Debtor and Popular Auto, LLC on March 5, 2013 for a 2014 Mazda Model 6, license plate number IJN115.

4. That Popular Auto filed claim number 11 on November 7, 2019 in the amount of $15,174.17 based on the deficiency that resulted from the amount owed under the lease agreement and the value recovered from the sale of the leased motor vehicle.

--

5. That on November 14, 2019, Mr. Edgar A. Vega Rivera, Esq. filed a notice of appearance (docket # 36) in the above captioned bankruptcy case, thus, he is the legal representative of Popular Auto.

6. That Mr. Edgar A. Rivera Vega, Esq. is an in-house attorney for Popular Auto;

7. That on or about September 24, 2013, the undersigned attorney represented Popular Auto in the adversary proceeding number 13-00199 MCF filed by Debtor Julio E. Gil de Lamadrid against Popular Auto and Verónica Durán Castillo, Esq. (in-house attorney for Popular Auto).

8. That adversary proceeding 13-00199 MCF ended on December 9, 2014 when the Court granted our cross motion for summary judgment and dismissed the complaint.

9. That I do not recall having represented Popular Auto in any other case, other than the one previously disclosed.

10. That the undersigned attorney represents Banco Popular de Puerto Rico and Popular Mortgage Corp. in bankruptcy cases filed in the United States District Court for the District of Puerto Rico and Appellate Courts in which Banco Popular de Puerto Rico or Popular Mortgage Corp. are the holders of residential mortgage notes or the servicing agent for the holder of the residential mortgage notes.

11. That Popular, Inc. is the holding company of Banco Popular de Puerto Rico and Popular Auto, LLC and Popular Mortgage Corp. are wholly owned subsidiaries or sister corporations.

12. That while reviewing the information disclosed in Schedule G filed in the above captioned bankruptcy case, we became aware that Banco Popular de Puerto Rico was a party to

an executory contract for the construction of photovoltaic energy systems for the branches located in Hatillo, Barceloneta (The Outlets) and Los Colobos Shopping Center; NECC represents that those contracts were completed prior to the filing of the bankruptcy petition and that there is no present claim regarding those executory contracts.

13. That as soon as we became aware of the remote possibility of a potential conflict of interest, we informed Debtor and Banco Popular de Puerto Rico of our concern of a remote possibility of a potential conflict of interest.

14. Debtor's principal member and Ms. Yolanda González Gómez informed us that they were not aware at the time we conducted the conflict check that Popular Auto, LLC was a creditor of the estate and that they inadvertently omitted to disclose the prior business relationship with Popular Auto, LLC and Banco Popular de Puerto Rico.

15. That as previously disclosed we advised Banco Popular de Puerto Rico as to the remote possibility of a potential conflict of interest and discussed all the details with Mrs. Migdalia Effie Guasp, Esq., Vice President & Counsel Corporate Legal Division, Popular, Inc.;

16. That during our conversations, sister counsellor Migdalia Effie Guasp, Esq. advised us that Banco Popular de Puerto Rico was going to file a proof of claim based on a "Merchant Agreement" in which Debtor either agreed to share or assumed the discount assessed in transactions with Banco Popular de Puerto Rico's credit cards.

17. That October 30, 2019 by e-mail received from Mrs. Migdalia Effie Guasp, we were finally informed of Banco Popular de Puerto Rico position as to our alert of a potential conflict of interest and we quote:

"Dear Mr. Cardona:

Based on the information gathered so far, about the corporation's debts with BPPR and Popular Auto, it would seem that a potential conflict of interest is unlikely to occur in this case. However, if the need arises, we may revisit this matter and consider your alternative, depending on the nature of the conflict and possible resolution.

Regards,

M."

18. That on November 18, 2019, Mrs. Yolanda González Gómez signed and executed a waiver of conflict of interest that is attached hereto and made part hereof as ***Exhibit A*** of the foregoing motion.

19. Copy of the Amended Certificate of Attorney for the Debtor is attached hereto and made part hereof as ***Exhibit B*** of the foregoing motion.

20. That the undersigned attorney represents Scotiabank Puerto Rico in bankruptcy cases filed before the United States Bankruptcy Court for the District of Puerto Rico and appellate courts in residential mortgage loans.

21. That on or about June 26, 2019 Oriental Bank announced to the public that it has acquired the operations of Scotiabank Puerto Rico, subject to the approval of the pertinent federal and local agencies.

22. That to the best of our knowledge and or belief the transaction has not been consummated yet.

23. That at this point in time we do not know if Oriental Bank is going to retain our law firm to continue servicing the bankruptcy cases currently handled by our law firm in representation of Scotiabank Puerto Rico.

24. That Oriental Bank filed claim number 5 in the amount $13,020.55 for the

alleged use of a credit card by one of the members of NECC.

25. That on November 20, 2019, we met with Mrs. Monsita Lecároz Arribas, Esq., Assistant U.S. Trustee and we informed her that we are going to move the Court for the appointment of a special counsel to deal amongst other special matters with any matter of the case related to Banco Popular de Puerto Rico, its subsidiaries or affiliates or Oriental Bank its subsidiaries or affiliates.

## III.
### The Bankruptcy Code, the Federal Rules of Bankruptcy, the PR LBR And the Applicable Jurisprudence

26. The facts previously disclosed and the Amended Certificate of Attorney for Debtor are totally consistent with the provisions of Rule 2014 (a), supra and PR LBR 2014-1.

27. Rule 2014 (a), supra provides as follows:

> "(a) Application for and Order of Employment. An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to §327, §1103, or §1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and, unless the case is a chapter 9 municipality case, a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, <u>and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest,</u> their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. <u>The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest,</u> their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee." (Emphasis supplied).

28. On the other hand, PR LBR 2014-1(a)(6) *supra*, goes even further and imposes the responsibility upon affiant to amend the Certificate of Attorney for the Debtor under special circumstances. PR LBR 2014-1 (a)(6) *supra*, provides in its pertinent part as follows:

> "(6) I will amend this statement immediately upon my learning that: (a) any of the representations made herein are incorrect, or (b) there is any change of circumstance relating thereto."

29. So far in our legal analysis we have cited the rules that impose upon us as affiant the obligation to amend the Certificate of Attorney for the Debtor based on the facts depicted in paragraphs 1-17, both inclusive. Now is pertinent to analyze the legal consequences based on such facts.

30. Section 327 (c) of the Bankruptcy Code (the "Code"), 11 USC § 327 (c) goes to the point and together with the jurisprudence cited hereinafter provides the legal grounds that the undersigned attorney's appointment should stand and not be disqualified as such, because the facts depicted in paragraphs 1-17, both inclusive fail to show an actual conflict of interest.

31. Section 327 (c) provides in its pertinent part as follows:

> "(c) In a case under chapter 7, 12, or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment <u>if there is an actual conflict of interest</u>." (Emphasis supplied).

32. If we integrate the dispositions contained in Section 327 (a), *supra*, Rule 2014 (a) *supra*, and PR LBR 2014-1 (a)(6) we can reach the conclusion that the duties imposed on professionals seeking employment under § 327 (a) *supra*, are to a degree self-policed. Failure

to abide by the disclosure requirements is enough to disqualify professional. See In re EWC, Inc., 138 B.R. 276, 279 (Bankr. W.D. Okla. 1992); In re Saturley, 131 B.R. 509, 517 (Bankr. D. Me. 1991); In re Tinley Plaza, 142 B.R. 272, 276 (Bankr. N.D. Ill 1992); In re BH & P, Inc., 103 B.R. 556 (Bankr. D. N. J. 1989).

33. Section 327 (a) *supra*, mandates disqualification when there is an actual conflict of interest allows for it when there is a potential conflict, and precludes it based solely on an appearance of conflict."); In re BH & P, Inc., 949 F.2d 1300, 1316–17 (3d Cir.1991).

34. The guidelines for distinguishing between potential and actual conflicts are governed by the factual niceties of each particular case. Generally, however, "a conflict is actual, and hence *per se* disqualifying, if it is likely that a professional will be placed in a position permitting him to favor one interest over an impermissibly conflicting interest." In re Pillowtex, Inc., 304 F.3d 246, 251 (3rd Cir. 2002). Nevertheless, as explained in BH & P, *supra*, "denomination of a conflict as 'potential' or 'actual' and the decision concerning whether to disqualify a professional based upon that determination in situations not yet rising to the level of an actual conflict are matters committed to the bankruptcy court's sound exercise of discretion." 949 F.2d at 1316–17. See also In re Martin, 817 F.2d 175, 182–83 (1st Cir.1987) ("The bankruptcy judge is on the front line, in the best position to gauge the ongoing interplay of factors and to make the delicate judgment calls which such a decision entails.... [E]ach situation must be judged prospectively on its own merits.... [H]orrible imaginings alone cannot be allowed to carry the day. Not every conceivable conflict must result in sending counsel away to lick his wounds.").

## IV.

### Argument

Based on the facts previously recited, the applicable law, the rules and the jurisprudence the undersigned attorney understands that there is no actual conflict of interest that warrants the disqualification of counsel for the Debtor and that preventive measures will be taken to avoid a potential conflict of interest.

The undersigned attorney has been candid and has made a full disclosure to Debtor and to Banco Popular de Puerto Rico as to a potential conflict of interest that might or might not arise during the pendency of the litigation of the case. Both Banco Popular de Puerto Rico and Debtor share our opinion that there is no actual conflict of interest and have express so in writing.

### NOTICE OF RESPONSE TIME

Pursuant to the provisions of Local Bankruptcy Rule 9013-1(c)(1) within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

WHEREFORE Debtor prays for the Court to take notice of the facts previously stated and further pray to take notice of the filing of the Amended Certificate of Attorney for the Debtor.

In San Juan, Puerto Rico this 20th day of November 2019.

### CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I hereby certify that on even date, I electronically filed the foregoing with the Clerk of

--

the Court using the CM/ECF system which will send notification of such filing to the following: **United States Trustee, Luis C. Marini Biaggi, Esq.,** and **Ignacio J. Labarca-Morales, Esq., José Sánchez Girona, Esq.; Sonia Colón Colón, Esq., Camille Somoza, Esq., Gustavo Chico Baris, Esq.; Daniel Molina López, Esq., Edgar A. Vega Rivera, Esq.; Charles A. Cuprill, Esq. and Alexis Fuentes, Esq.** and caused to be mailed by United States Postal Service the document to the following non CM/ECF participants: **Migdalia Effie Guasp, Esq. by e-mail: migdalia.guasp@popular.com; NECC c/o Yolanda González Gómez by e-mail: ygonzalez@newenergypr.com; and to all creditors as per master address on file.**

*s/José F. Cardona Jiménez.*
USDC PR 124504
Attorney for Debtor
CARDONA JIMENEZ LAW OFFICES, PSC
PO Box 9023593
San Juan, PR 00902-3593
Tel. 787-724-1303
Fax. 787-724-1369
E-mail: jf@cardonalaw.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

NEW ENERGY CONSULTANTS &
CONTRACTORS, LLC

Debtor

CASE NO. 19-05891 ESL

CHAPTER 11

EXHIBIT A
ALL-STATE® INTERNATIONAL

## WAIVER IN THE EVENT OF A CONFLICT OF INTEREST

I, YOLANDA GONZALEZ GOMEZ, of legal age, Chief Financial Officer and Chief Restructuring Officer and resident of Carolina, Puerto Rico, under penalty of perjury do hereby declare:

1. That I am the Chief Financial Officer and Chief Restructuring Officer of New Energy Consultants & Contractors, LLC ("NECC" or the "Debtor").

2. That I participated in the initial meeting held with José F. Cardona Jiménez, Esq. to explore if he was willing to represent NECC in the filing of a voluntary Chapter 11 petition. During the conflict check phase of the initial interview José F. Cardona Jiménez, Esq. gave us full disclosure that he amongst other banks, represents Banco Popular de Puerto Rico and Popular Mortgage Corp. in bankruptcy cases filed before the United States Bankruptcy Court for the District of Puerto Rico and Appellates Courts, in which Banco Popular de Puerto Rico, Popular Mortgage Corp. and its subsidiaries or affilliated corporations (collectively "BPPR") were creditors. He further disclosed to us that in one ocassion he represented Popular Auto, LLC in an adversary proceeding followed by Julio E. Gil Delamadrid against Popular Auto,

LLC and its attorney.

3. Based on our knowledge at the time of NECC's debt structure and creditors we represented to Mr. Cardona when he was conducting the conflict check at the initial interview that BPPR nor its subsidiaries and affiliates were creditors of the estate, later on, we learned that Popular Auto, LLC had a defficiency claim against NECC based on the repossession of a motor vehicle under an expired leased agreement and we also learned that BPPR inteds to file a claim against NECC for the unpaid contribution of a Merchant Agreement that promotes the use of BPPR's credit cards.

4. Having been fully informed of the remote possibility of a conflict of interest and José F. Cardona Jiménez. Esq. having reasonable belief that he will be able to provide competent and diligent representation to NECC, notwithstanding the remote possibility of a conflict of interest; and further having been informed that NECC has the right to seek other counsel to represent our company in the above captioned bankruptcy case, NECC consents to José F. Cardona Jiménez. Esq. continued legal representation of our company as counsel for the Debtor.

5. In sum, NECC hereby acknowledges, on behalf of itself, that it has had an opportunity to ask for and has obtained information relevant to such representation, including disclosure of the reasonably foreseeable adverse consequences of such representation, and it hereby waives any conflict arising out of such future representation.

6. Notwithstanding, José F. Cardona Jiménez, Esq. reserved his right to withdraw from the legal representation of the Debtor in the event that an "actual" conflict of interest ocurrs.

7. That I have read the Motion in Compliance with 11 USC § 327 (c), Rule 2014 of the Federal Rules of Bankruptcy Procedure and PR LBR 2014-1, and attest to the representations made by our counsel therein.

IN TESTIMONY WHEREOF I SIGN the foregoing unsworn declaration under penalty of perjury pursuant to the provisions of 28 U.S.C. §1746. In san Juan Puerto Rico this 18th day of November 2019.

*[signature]*

YOLANDA GONZALEZ GOMEZ
CFO & CRO

**EXHIBIT B**

## AMENDED CERTIFICATE OF ATTORNEY FOR DEBTOR

I, JOSE F. CARDONA JIMENEZ, of legal age, single, attorney at law and resident of San Juan, Puerto Rico do hereby make solemnly oath:

1. That I am duly admitted and currently in good standing to practice of law in the Commonwealth of Puerto Rico, RUA number 5989. I am also duly admitted to practice law before the United States District Court for the District of Puerto Rico, USDC-PR number 124504 and before the United States Court of Appeals for the First Circuit.

2. That I maintain an office for the practice of law at Second Street, Lot 14 (Fluor Building), Suite 306 Metro Office Park San Juan Puerto Rico and my postal address is as follows: PO Box 9023593, San Juan, PR 00902-3593; Tel. (787) 724-1303, Fax No. (787) 724-1369; e-mail: jf@cardonalaw.com.

4. That the undersigned attorney of Cardona Jimenez Law Offices, PSC is the duly appointed counsel of the Debtor.

5. That a conflict check was realized and to the best of my knowledge, the members of our law firm are disinterested persons as defined in 11 U.S.C. §101(14):

(A) They are not Debtor's creditors or insiders;

(B) They were not, are not, within 2 years before the date of the filing of the above captioned bankruptcy petition, Debtor's directors, officers or employees; and

(C) They do not have an interest materially adverse to the interest of the estate or any class of creditors by reason of any direct or indirect relationship to, connection with, or interest in Debtor or for any other reason; notwithstanding, after the filing of the application for employment of attorney for the Debtor, we became aware that Popular Auto, LLC, formerly

-2-

Popular Leasing and Rental, Inc. ("Popular Auto") was a potential creditor of the estate by virtue of a deficiency claim of a motor vehicle repossessed on August 30, 2019 according to the lease agreement executed by and between Debtor and Popular Auto, LLC for a 2014 Mazda Model 6, license plate number IJN115;

(D) That Popular Auto filed claim number 11 on November 7, 2019 in the amount of $15,174.17 based on the deficiency that resulted from the amount owed under the lease agreement and the value recovered from the sale of the leased motor vehicle;

(E) That on November 14, 2019, Mr. Edgar A. Vega Rivera, Esq. filed a notice of appearance (docket # 36) in the above captioned bankruptcy case, thus, he is the legal representative of Popular Auto;

(F) That Mr. Edgar A. Rivera Vega, Esq. is an in-house attorney for Popular Auto;

(G) That on or about September 24, 2013 the undersigned attorney represented Popular Auto in the adversary proceeding number 13-00199 MCF filed by Debtor Julio E. Gil de Lamadrid against Popular Auto and Verónica Durán Castillo, Esq. (in-house attorney for Popular Auto);

(H) That adversary proceeding 13-00199 MCF ended on December 9, 2014 when the Court granted our cross motion for summary judgment and dismissed the complaint;

(I) That I do not recall having represented Popular Auto in any other case, other than the one previously disclosed;

(J) That the undersigned attorney represents Banco Popular de Puerto Rico and Popular Mortgage Corp. in bankruptcy cases filed in the United States District Court for the

-3-

District of Puerto Rico and Appellate Courts in which Banco Popular de Puerto Rico or Popular Mortgage Corp. are the holders of residential mortgage notes or the servicing agent for the holder of the residential mortgage notes;

(K) That Popular, Inc. is the holding company of Banco Popular de Puerto Rico and Popular Auto, LLC and Popular Mortgage Corp. are wholly owned subsidiaries or sister corporations;

(L) That while reviewing the information disclosed in Schedule G filed in the above captioned bankruptcy case, we became aware that Banco Popular de Puerto Rico was a party to an executory contract for the construction of photovoltaic energy systems for the branches located in Hatillo, Barceloneta (The Outlets) and Los Colobos Shopping Center; NECC represents that those contracts were completed prior to the filing of the bankruptcy petition;

(M) That as soon as we became aware of the remote possibility of a potential conflict of interest, we informed Debtor and Banco Popular de Puerto Rico of our concern of a remote possibility of a potential conflict of interest;

(N) Debtor's principal member and Ms. Yolanda González Gómez informed us that they were not aware at the time we conducted the conflict check that Popular Auto, LLC was a creditor of the estate and that they inadvertently omitted to disclose the prior business relationship with Popular Auto, LLC and Banco Popular de Puerto Rico;

(O) That as previously disclosed we advised Banco Popular de Puerto Rico as to the remote possibility of a potential conflict of interest and discussed all the details with Mrs. Migdalia Effie Guasp, Esq., Vice President & Counsel Corporate Legal Division, Popular, Inc.;

-4-

(P) That during our conversations, sister counsellor, Migdalia Effie Guasp, Esq. advised us that Banco Popular de Puerto Rico was going to file a proof of claim based on a "Merchant Agreement" in which Debtor either agreed to share or assumed the discount assessed in transactions with Banco Popular de Puerto Rico's credit cards; and

(Q) That October 30, 2019 by e-mail received from Mrs. Migdalia Effie Guasp, we were finally informed of Banco Popular de Puerto Rico position as to our alert of a potential conflict of interest and we quote:

"Dear Mr. Cardona:

Based on the information gathered so far, about the corporation's debts with BPPR and Popular Auto, it would seem that a potential conflict of interest is unlikely to occur in this case. However, if the need arises, we may revisit this matter and consider your alternative, depending on the nature of the conflict and possible resolution.

Regards,
M."

(R) That the undersigned attorney represents Scotiabank Puerto Rico in bankruptcy cases filed before the United States Bankruptcy Court for the District of Puerto Rico and appellate courts in residential mortgage loans.

(S) That on or about June 26, 2019 Oriental Bank announced to the public that it has acquired the operations of Scotiabank Puerto Rico, subject to the approval of the pertinent federal and local agencies.

(T) That to the best of our knowledge and or belief the transaction has not been consummated yet.

-5-

(U) That at this point in time we do not know if Oriental Bank is going to retain our law firm to continue servicing the bankruptcy cases currently handled by our law firm in representation of Scotiabank Puerto Rico.

(V) That Oriental Bank filed claim number 5 in the amount $13,020.55 for the alleged use of a credit card by one of the members of NECC.

6. My connections and my Firm's connections with the Debtor, any creditor or other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed by the United States Trustee are as follows: None, other than what was previously disclosed.

7. The source of compensation promised or represented to our law firm shall be from the operation of Debtor's business and or from such funds that may be available to Debtor and to which Debtor may be legally entitled to.

8. I have not agreed to share with any person, except members of my Firm, the compensation to be paid for the services rendered in this case, except as follows: Distributions to partners and associates of the Firm done in the ordinary course of our business.

9. The terms of compensation agreed to are as follows: I have received a retainer in this case in the amount of $10,000.00, which sum, upon information and belief, was generated by the debtor from the operation of its business. Debtor further agreed to compensate the undersigned counsel at the rate of $300.00 per hour plus the reimbursement of the expenses as approved by the Court.

-6-

10. I will amend this statement immediately upon my learning that: (a) any of the representations made herein are incorrect, or (b) there is any change of circumstance relating thereto.

11. That I have reviewed the provisions of Local Bankruptcy Rule 2016-1.

IN TESTIMONY WHEREOF I SIGN THESE UNSWORN DECLARATION UNDER PENALTY OF PERJURY as provided for in 28 U.S.C. § 1746. In San Juan, Puerto Rico this 18th day of November 2019.

_____
JOSE F. CARDONA JIMENEZ