IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>NEW ENERGY CONSULTANTS AND CONTRACTORS, LLC<br><br>    Debtor | CASE NO. 19-05891 ESL<br><br>CHAPTER 11 |

## MOTION TO CONVERT TO CHAPTER 7

TO THE HONORABLE COURT:

NOW COMES Debtor New Energy Consultants and Contractors, LLC ("NECC"), represented by the undersigned attorney and respectfully sets forth and prays as follows:

**I.**

**Procedural Posture**

On May 29, 2020, Debtor filed the fourth application for extension of the exclusivity period to file the plan of reorganization, the disclosure statement and to solicit acceptances (docket # 121). On June 1, 2020, the Court entered an order (docket # 122) granting NECC until June 30, 2020 to file the disclosure statement and plan of reorganization and extending the term to solicit acceptances thereto.

**II.**
**The Facts**

1. That on October 10, 2020, Debtor filed a <u>voluntary bankruptcy petition</u> and an order of relief was entered on even date.

2. That since the entry of the order of relief up to this date, NECC has been acting as debtor-in-possession.

3. The above captioned case was originally filed as a Chapter 11 voluntary bankruptcy petition thus, it was not converted to a Chapter 11 case from any other chapter of the Bankruptcy Code that grants relief to debtors.

4. Since the filing of the above captioned bankruptcy case Debtor engaged in a serious and responsible effort to reorganize its business. Debtor managed to substantially reduce the operating expenses with substantial reductions in payroll. Executory contracts of personal property that were burdensome to the estate were timely rejected. The non-residential lease agreement from where Debtor carried out its operation was assumed and assigned to a third party. A sub-lease agreement of a reduced area was negotiated with the third party, resulting in a substantial reduction of the rent paid for the use of the commercial space from where Debtor carry-out its operation.

5. NECC engaged in negotiations with possible investors and one of the members of the limited liability company trying to inject a capital infusion to Debtor's business by way of new value.

6. That Debtor engaged in *bona fide* negotiations with Parliament High Yield Fund, LLC ("PHYF") to try to restructure the asset base finance loan. Although PHYF made substantial concessions to NECC in the opinion of management said concession were not sufficient to turn around the operational loosing trend that is affecting the operation.

7. That on March 13, 2020, the Governor of Puerto Rico issued Executive Order No. 2020-023 declaring a state of emergency due to the pandemic spread of COVID-19, ordering a mandatory quarantine, and the closure of all non-essential businesses from March 15, 2020. See OE-2020-020, OE-2020-023, OE-2020-026, OE-2020-033, OE-2020-038 and OE-2020-041 (collectively referred to as the "Executive Orders"). The Executive Orders have maintained a curfew now from 7:00 p.m. to 5:00 a.m. but gradually allowing the reopening of businesses while maintaining extraordinary precautionary measures to prevent the spread of the COVID 19.

8. NECC's business was initially classified in the Executive Orders as a non-essential business or commercial activity subject to the lockdown and curfew at least until May 1, 2020. See OE-2020-038.

9. That on April 4, 2020, all employees were temporally lay-off, until such a time Debtor was allowed by Executive Orders to reassume operation of its business. Key management personnel continued to work remote.

10. That late in April 2020, Debtor commenced to set in motion a plan to reopen its business.

11. Pursuant to the provisions of OE-2020-038, effective May 1, 2020, all businesses engaged in the sale, installation and maintenance of alternate or renewable energy sources were allowed to commence operations subject to the implementation of precautionary measures to avoid the spread of COVID 19.

12. That on May 1, 2020, NECC gradually commenced with a plan to reopen its business and resume operations.

13. That the lockdown and curfew caused a serious business interruption and severely affected the cash flow generated by the operation of Debtor's business.

14. In sum, in the absence of a substantial capital infusion there is no way Debtor can file a feasible Plan of Reorganization. Management on the other hand, realized that reorganization is simply not possible under the present and foreseeable future and that liquidation is the only feasible alternative.

15. The members of the limited liability company approved by a majority vote of 80% of the voting rights the conversion of the above captioned case to a case under Chapter 7. Copy of the resolution is attached hereto and made part hereof as *Exhibit A* of the foregoing motion.

**The Code and the Jurisprudence**

16. Section 1112 (a) of the Bankruptcy Code (the "Code"), 11 USC § 1112 (a), grants the Debtor the right to convert the present case to a case under Chapter 7. Section 1112 (a) provides that:

> "(a) The debtor may convert a case under this chapter to a case under chapter 7 of this title unless—

(1) the debtor is not a debtor in possession;

(2) the case originally was commenced as an involuntary case under this chapter; or

(3) the case was converted to a case under this chapter other than on the debtor's request."

17. A Debtor in a case voluntarily commenced under Chapter 11 may, under certain circumstances, convert to a liquidation case under Chapter 7. In the case at bar, Debtor's motion to convert to Chapter 7 meets all the statutory requisites of § 1112 (a)(1)(2) and (3), *supra*.

18. In other words, the remedy requested by NECC is within the purview of § 1112 (a) and not within the express statutory limitations on its voluntary right to convert the case from a Chapter 11 to a Chapter 7.

### NOTICE OF RESPONSE TIME

Pursuant to the provisions of Local Bankruptcy Rule 9013-1(c)(1) within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

WHEREFORE, NECC prays for an order granting the conversion of the above captioned case to a case under Chapter 7.

In San Juan, Puerto Rico on the 1st day of July 2020.

### CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I hereby certify that on even date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Luis C. Marini Biaggi, Esq.**, and **Ignacio J. Labarca-Morales, Esq., José Sánchez Girona, Esq.; Sonia Colón, Esq., Camille Somoza, Esq., Gustavo Chico Baris, Esq.; Daniel Molina López, Esq.,**

**Jaime Ruiz Saldaña, Esq., Carolina Velaz Rivero, Esq., Jorge Luis Gerena Méndez, Esq., Edgar A. Vega Rivera, Esq., Carla Ferrari Lugo, Esq., Carlos E. Cardona Fernández, Esq., Carlos Infante, Esq., Carlos J. Torres Vélez, Esq., Teresa M. Lube Capó, Esq., José L. Barrios Ramos, Esq.** and the **United States Trustee,** and to all attorneys that have filed a notice of appearance in the present case, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: Twenty Largest Unsecured Creditors as list on file.

CARDONA-JIMENEZ LAW OFFICES, PSC
Attorney for the Appearing Party
PO Box 9023593
San Juan, Puerto Rico 00902-3593
Tel: (787) 724-1303
Fax (787) 724-1369
E-mail: jf@cardonalaw.com

*S/ José F. Cardona Jiménez*
USDC PR 124504