IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF PUERTO RICO

| IN THE MATTER OF | CASE NO.: 19-05891 ESL |
|---|---|
| NEW ENERGY CONSULTANTS & CONTRACTORS | CHAPTER 7 |
| DEBTORS | |

MEMORANDUM OF LAW IN SUPPORT OF THE
CREDITORS'S RULE 2004 MOTION FOR
THE DEBTOR'S EXAMINATION AND PRODUCTION OF DOCUMENTS

Now comes creditor Direct Relief PR, and respectfully submits this present memorandum of law in support of the request of production of documents and examination of debtors in accordance with RULE 2004.

The motion for examination and production of documents pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, pursuant to Local Rule of Bankruptcy Procedure 4002 motion should be granted because additional information is necessary to determine the accuracy and completeness of debtor New Energy Consultants and Contractors LLC representations to date regarding their business, agreements with the AEE, purchases and assets owned by third parties and in possession of debtor.

As the creditor with the one of the largest claims subject to discharge, Direct Relief Puerto Rico has an outsized interest in the fairness of these proceedings. Pursuant to Local Rule 2004-1(b), the undersigned counsel certifies that he attempted

to confer with the Debtor's counsel by telephone and e-mail regarding several information and production of documents needed and never received a response.

BACKGROUND

I.  The Source of the Debtor's Liability with Direct Relief

Direct relief is a nonprofit organization that distributes funds and provide relief to entities that provide medical treatment to citizens in Puerto Rico among other actions. Direct Relief contracted with New Energy to design and install solar systems in several medical facilities in Puerto Rico, with the main purpose that this entities could provide medical treatment to citizens in distress even in the possible scenario that there were no electrical service in the area.

Debtor made partial completion of the services contracted, but the services rendered were incomplete, and the debtor did not provide the necessary documentation needed to provide the same to AEE for the services to be finished, certifies and activated. Also, Direct Relief paid for certain batteries and solar panels and the same were in possession of debtor and the efforts made to recover the same have been unsuccessful. The other issue is that the debtor installed several batteries on several medical facilities, but AEE did not approved the use of the said batteries. Later Debtor reached an agreement with AEE for the approval of the use of those batteries but never provided creditor with a copy of the agreement, for the systems could be activates and operational.

II. THE NEED FOR DISCLOUSURE OF WERE CREDITORS ASSETS ARE AND IF THEY ARE IN POSSESION OF DEBTOR OR WHAT HAPPENED TO THE ASSETS.

On the debtor schedules AB and Sofa, the debtor did not disclose the TESLA batteries and lots of solar panels purchased by Direct Relief, owned by creditor and in possession of debtor. This information is necessary since creditor made several purchases equipment, and the same were sent to debtor facility for storage pending installation and the same does not appear at the schedules nor the same have been turned over to creditor. The same are not disclose in any of the debtor's schedules.

IV. Efforts to Confer Pursuant to Local Rule 2004-1

On May 28, 2020, undersigned counsel placed an email to Debtor's

counsel as a follow up on the conversation the undersigned had with attorney for debtor requesting the documentation needed, making several inquiries of the equipment owned by DIRECT relief in possession of the debtor and request for documents. The said email was not answered.

ARGUMENT

**Rule 2004 Motion for the Debtor's Examination and for Production of Documents Should be Granted:**

"On a motion of any party in interest, the court may order the examination of any entity or of the debtor." Fed. R. Bankr. P. 2004(a). The scope of such examination extends to the "acts, conduct, or pro party or to the liabilities and financial condition of the debtor, or to any matter which may affect the administer ration of the debtor's estate, or to the debtor's right to a discharge. Fed. R. Bankr. P. 2004(b); *see also In re Fi n. Oversight & Mgmt. Bd. for P.R.*, 295 F. Supp. 3d 66, 73 (D.P.R. 2018) ("Rule 2004 allows parties to broadly examine the financial condition of the debtor.").

Rule 2004 exists to help a creditor such as the DIRECTRELIEF expeditiously gain inform action needed to "discover assets, examine transactions, and determine, whether wrongdoing has occurred." *In re Transmar Commodity Grp. Ltd.*, No. 16-3625, 2018 WL 4006324, at *5 (Bankr. S.D.N.Y. Aug. 17, 2018); *In re Hammond*, 140 B .R. 197, 203 (S.D. Ohio 1992) (noting that creditors' "meeting is normally no substitute for a Rule 2004 examination").

The examiner only has the limited "burden of establishing that good cause exists" if the debtor "challenges the right of the examiner to conduct a Rule 2004 examination." *In re Fin. Oversight & Mgmt. Bd.*, 295 F. Supp. 3d at 72. As noted, the Debtor's counsel has not responded to the undersigned attorney attempts to confer regarding the proposed examination or otherwise challenged Direct Relief right to a Rule 2004 examination. In any event, "Good cause is established if one seeking the Rule 2004 examination has shown that such an examination is reasonably produced necessary for the protection of its legitimate interests

### The production of Documents requested is the following:

1. Copy of the agreement between debtor and AEE for the use of TABANUCHI batteries.

2. Information regarding were are the assets owned by Direct Relief in possession of debtor including but not limited to the TESLA Batteries, Solar Panels, and diagrams and documentation of each project with the necessary documents and certifications to be able to submit the same to AEE for approval.

### CONCLUSION

For the foregoing reasons, the Direct Relief respectfully requests that this request for a Rule 2004 examination and production of documents be granted.

I HEREBY CERTIFY that the foregoing document has been filed using the CM/ECF electronic filing system which will give notice to all CM/ECF participants, and by regular mail to debtors, and all creditors and parties in interest as per the master address list.

RESPECTFULLY SUBMITTED in San Juan, Puerto Rico, 30th day of November 2020.

JPC LAW OFFICE
Jose M Prieto Carballo, Esq.
P.O. Box 363565
San Juan, P.R. 00936-3565
Tel (787) 607-2066 & Tel (787) 607-2166
jpc@jpclawpr.com

By: /s/ Jose M Prieto Carballo